**EXHIBIT 11**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Orly Genger |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court | **Western District of Texas** |
| Case number: | **19–10926** |

FILED

**U.S. Bankruptcy Court**
**Western District of Texas**

12/9/2019

**Barry . Knight, Clerk**

Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

ADBG LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| ADBG LLC | ADBG LLC, Attn. David Broser |
| Name | Name |
| c/o Hughes Hubbard & Reed LLP, Attn. Chris Gartman<br>One Battery Park Plaza<br>New York, NY 10004 | 104 West 40th Street, 19th Floor<br><br>New York, NY 10018 |
| Contact phone (212) 837–6350 | Contact phone (212) 682–1000 |
| Contact email chris.gartman@hugheshubbard.com | Contact email david@rdaventuresllc.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

---

Official Form 410

Proof of Claim

page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |

| | | |
|---|---|---|
| 7. **How much is the claim?** | $ unknown _____ | **Does this amount include interest or other charges?** ☑ No ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information. <br><br> See Rider _____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No <br> ☐ Yes. The claim is secured by a lien on property. <br> **Nature of property:** <br> ☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br><br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:** $ _____ <br><br> **Amount of the claim that is secured:** $ _____ <br><br> **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:** $ _____ <br><br> **Annual Interest Rate** (when case was filed) ____ % <br><br> ☐ Fixed <br> ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No <br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No <br> ☐ Yes. Identify the property: _____ |

Official Form 410                          Proof of Claim                          page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No |
| --- | --- | --- |
| | | ☐ Yes. *Check all that apply:* |

| | | Amount entitled to priority |
| --- | --- | --- |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date        12/9/2019

                        MM / DD / YYYY

/s/ David Broser

Signature

Print the name of the person who is completing and signing this claim:

| Name | David Broser |
| --- | --- |
| | First name        Middle name        Last name |
| Title | Member |
| Company | ADBG LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 104 West 40th Street, 19th Floor |
| | Number   Street |
| | New York, NY 10018 |
| | City  State  ZIP Code |
| Contact phone | (212) 682–1000        Email   david@rdaventuresllc.com |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| In re | |
| ORLY GENGER, | Chapter 7 |
| Debtor. | Case No. 19-10926 (TMD) |

### <u>RIDER TO PROOF OF CLAIM OF ADBG LLC</u>

1.      <u>Claimant</u>.  ADBG LLC ("<u>Claimant</u>") files this claim (this "<u>Claim</u>")

against Debtor Orly Genger (the "<u>Debtor</u>").

2.      <u>Background of Claim</u>.  Pursuant to that certain Genger Litigation Trust

Agreement dated June 28, 2012 (the "<u>Genger Litigation Trust Agreement</u>"), the Debtor and her

father, Arie Genger, as grantors, established a trust for the benefit of Claimant known as the

Genger Litigation Trust.  Pursuant to the Genger Litigation Trust Agreement, the Debtor and

Arie transferred and assigned to the Trustees of the Genger Litigation Trust, certain property

identified on Schedule A thereto, "to hold in trust for the benefit of [Claimant]."  The Trustees of

the Genger Litigation Trust are then obligated to pay the entire net proceeds received under the

agreement to Claimant to pay all outstanding obligations under a litigation funding agreement

under which Claimant loaned over $20 million to Arie to fund a variety of litigation (certain of

which involved the Debtor) with parties colloquially referred to as the Trump Group (no relation

to the current President or his family) relating to Arie's now former company, Trans-Resources

Inc.

3.      The parties to that litigation ultimately decided to settle the claims against

the Trump Group pursuant to a Settlement and Release Agreement dated as of June 16, 2013

between the Debtor, Arie Genger, Arnold and David Broser (who are members of Claimant), and

TR Investors LLC, Glencova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC,

Trans-Resources, LLC, Jules Trump, Eddie Trump and Mark Hirsch (such agreement, the

"Trump Settlement Agreement").

4.       While Claimant disputes that the Debtor has any right to the proceeds of

the Trump Settlement Agreement, with respect to which two $7.5 million notes remain in

escrow, to the extent the Debtor or her bankruptcy estate receives or becomes entitled to receive

any of the proceeds of the Trump Settlement Agreement, the Debtor has already assigned such

proceeds to the Genger Litigation Trust, and the Genger Litigation Trust Agreement requires that

the Debtor pay such amounts to the Genger Litigation Trust to hold in trust for the benefit of

Claimant.

5.       Separately, pursuant to a March 31, 2017 agreement between the Debtor,

Arie, Claimant, Eric Herschmann and Kasowitz Benson Torres LLP (the "March 2017

Agreement"), the parties agreed that "in the event of any distribution or payment of funds to or

for the account of [Arie] or [the Debtor] pursuant to the [Trump] Settlement Agreement", any

such amounts would be paid to Claimant in an amount up to $4,520,530.40 before any other

party would be entitled to payment.

6.       Amount of Claim.  As of the Petition Date, the Debtor is indebted to

Claimant in a contingent, unliquidated amount.  ADBG reserves all rights to amend or

supplement this Claim.

4.       Supporting Documents.  The principal documents upon which this Claim

is based are the Trump Settlement Agreement, the Genger Litigation Trust Agreement and the

March 2017 Agreement.  Copies of these agreements have been withheld for confidentiality

reasons but are in the possession of the Debtor and will be supplied to the Debtor and the

Chapter 7 Trustee upon request.

20-01040-jlg   Doc 13-11   Filed 06/25/20   Entered 06/25/20 23:33:41   Exhibit 11
19-10926   Claim #5-1 Part 2   Filed 12/09/19   Attachment 13   Page 3 of 4
Pg 7 of 8

3

5.     Judgment.  No judgment has been rendered on this Claim.

6.     Credits.  The amount of all payments on the Claim has been credited and deducted for the purpose of making this proof of claim.

7.     Notices.  All notices concerning this Claim should be sent to:

> Hughes Hubbard & Reed LLP
> One Battery Park Plaza
> New York, New York 10004
> Attention:  Christopher Gartman, Esq.

The request for copies of notices to be sent to Hughes Hubbard & Reed LLP shall not be deemed authorization of Hughes Hubbard & Reed LLP to accept service of process on behalf of Claimant.

8.     Protective Filing.  This Claim is filed under compulsion of the bar date and is filed to protect Claimant from forfeiture of this Claim.  The execution and filing of this Claim are not (i) a waiver or release of Claimant's rights against any other entity or person who may be liable for all or part of the Claim; (ii) a consent by Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case or any other case against or involving Claimant; (iii) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case or any other case against or otherwise involving Claimant; (iv) an election of remedy which waives or otherwise affects any other remedy; or (v) a waiver or release of any of Claimant's rights against any third party.

9.     Reservation of Rights/Amendments.  Claimant expressly reserves all of its rights and remedies with respect to this Claim and otherwise, including but not limited to  the right (i) to file any separate proof of claim with respect to the claim set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim), (ii) to

20-01010-jjg   Doc 13-11   Filed 06/25/20   Entered 06/25/20 23:33:41   Exhibit 11
19-10926   Ind Claim#5-1 Part 2 Filed 12/09/19 Attachment 1 Page 4 of 4
Pg 8 of 8

4

amend or supplement this proof of claim in any respect; (iii) to file additional proofs of claim for claims not covered by this proof of claim; (iv) the right to withdraw this Claim or any portion thereof; or (v) to file motions and/or claims for payment of, administrative expenses or other claims entitled to priority.  The claims contained in any such other proofs of claim or motions are in addition to, and not in limitation of, this Claim.