# EXHIBIT 14

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel. 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

**John Dellaportas**
Partner
212 309-6690
JDellaportas@MorganLewis.com

# Morgan Lewis
COUNSELORS AT LAW

June 19, 2013

**E-FILED**

Hon. Barbara Jaffe
Supreme Court of the State of New York
County of New York
60 Centre Street, Room 212
New York, New York 10007

    Re:    <u>Genger v. Genger, Index No. 651089/2010</u>

Dear Justice Jaffe:

    We represent TPR Investment Associates, Inc. and Sagi Genger, as assignee of The Sagi Genger 1993 Trust, in the above-referenced action. We received tonight by e-filing a proposed "Stipulation and Order of Discontinuance with Prejudice" submitted by, *inter alia*, Arie and Orly Genger and the Trump Group. We respectfully submit the attached Objections.

                                    Respectfully Submitted,

                                      John Dellaportas

cc:    All Counsel of Record

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

ARIE GENGER and ORLY GENGER, :
in her individual capacity and on behalf of :
THE ORLY GENGER 1993 TRUST, :
 :
    Plaintiffs, :   Index No. 651089/2010
 :   IAS Part 12 (Jaffe, JSC)
    -against- :
 :
SAGI GENGER, TPR INVESTMENT :
ASSOCIATES, INC., DALIA GENGER, :
THE SAGI GENGER 1993 TRUST, :
ROCHELLE FANG, individually and as trustee of :
THE SAGI GENGER 1993 TRUST, :
GLENCLOVA INVESTMENT COMPANY, :
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,:
NEW TR EQUITY II, LLC, JULES TRUMP, :
EDDIE TRUMP, MARK HIRSCH and :
TRANS-RESOURCES, INC. :
 :
    Defendants. :

----------------------------------------------------------------x

SAGI GENGER, individually and as assignee of :
THE SAGI GENGER 1993 TRUST, and TPR :
INVESTMENT ASSOCIATES, INC. :
 :
    Cross-Claimants, Counterclaimants, and :
    Third-Party Claimants, :
 :
    -against- :
 :
ARIE GENGER, ORLY GENGER, :
GLENCLOVA INVESTMENT COMPANY, :
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,:
NEW TR EQUITY II, LLC, JULES TRUMP, :
EDDIE TRUMP, MARK HIRSCH, :
TRANS-RESOURCES, INC., WILLIAM :
DOWD, and THE ORLY GENGER 1993 TRUST, :
 :
    Cross-Claim, Counterclaim and/or :
    Third-Party Defendants. :

----------------------------------------------------------------x

## **OBJECTIONS TO STIPULATION**

Defendant, Cross-Claimants, Counterclaimants, and Third-Party Claimants TPR Investment Associates, Inc. ("TPR") and Sagi Genger, as assignee of The Sagi Genger 1993 Trust (the "Sagi Trust"), by and for their response to the proposed "Stipulation and Order of Discontinuance with Prejudice" (the "Stipulation") submitted by, *inter alia*, Arie and Orly Genger and the Trump Group, hereby object to it as follows:

1. Under the guise of a CPLR 3217(b) voluntary discontinuance, paragraph 4 of the Stipulation would have this Court issue a declaratory judgment that:

> It is hereby declared that the Trump Group own, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources, Inc. purportedly transferred by TPR Investment Associates, Inc. in October 2004 to Arie and the Orly Genger 1993 Trust.

In short, the applicants are asking this Court to "so order" a Stipulation declaring that the shares of Trans-Resources, Inc. ("TRI") transferred in 2004 from TPR to the Orly Genger 1993 Trust (the "Orly Trust") are in fact owned by the Trump Group.

2. There are a number of problems with this. First, neither of the two parties to the 2004 transfer – TPR and the Orly Trust – is a signatory to the Stipulation. Indeed, the Orly Trust is not even a party to the underlying case. Rather, various non-parties to that transfer are seeking a declaratory judgment from this Court which would somehow adjudicate beneficial ownership of the transferred shares. That is *per se* improper.

3. Second, and perhaps more incredibly, the applicants are seeking to adjudicate the rights of TPR and the Orly Trust (of which the Sagi Trust is the remainderman beneficiary) not through the proper CPLR mechanism – a CPLR 3001 declaratory judgment action – but rather through a CPLR 3217(b) stipulation (to which, as noted above, the two main affected parties are not signatories). Further, nowhere is this relief even sought in the pleadings in this case, putting the entire request for declaratory relief beyond the jurisdiction of this Court.

-1-

4. Third, the requested relief apparently arises out of a "confidential" settlement agreement among the applicants. Unlike TPR, which produced its Settlement Agreement with the Orly Trust to all other parties on the first day of document discovery, the applicants here propose to conceal their settlement agreement from TPR and the Sagi Trust, and instead only present it to the Court for *en camera* inspection, notwithstanding the plain discoverability of the document. The obvious reason for this is to shield it from scrutiny.

5. While we do not know what exactly the applicants' settlement agreement entails, we strongly suspect it involves some proposed "use" of the escrowed proceeds from the sale of the TRI shares at issue. If so, then such settlement agreement would be void as a matter of law, as it would violate the Court's December 28, 2011 Preliminary Injunction – as construed by this Court in its May 31, 2013 Order in the related action, *Orly Genger v. Sagi Genger*, Index No. 109749 – because defendants are prohibited "from making ... using or spending the proceeds derived from the purported sale by ... TPR ... to the Trump Group ... of the Arie shares and the Orly Trust shares ... pending the determination by a court of competent jurisdiction [of] the beneficial ownership of such share."

6. Not even three weeks after Orly Genger *obtained sanctions* against defendants for seeking to identify a potential use of those sales proceeds <u>only after a Court of competent jurisdiction has ruled on beneficial ownership</u> (which, we maintain, does not actually violate the December 28, 2011 Preliminary Injunction),[1] the applicants, including the Trump Group, have now done the same thing, only <u>before</u> a Court has ruled on beneficial ownership, which plainly does violate the Court's December 28, 2011 Preliminary Injunction.

---

1   By Order dated June 12, 2013, the Appellate Division has issued an emergency stay of Your Honor's May 31, 2013 sanctions ruling.

7. Fourth and finally,[2] the claims which Orly Genger proposes to discontinue are not in fact hers to settle – they are derivative claims which belong to the Orly Trust. While the Court granted Orly standing to pursue such claims on behalf of the Trust, any settlement of such claims would require the approval of either the principal (the Orly Trust) or the Court, in a process by which the other beneficiary of the Trust (the Sagi Trust) could object. Further, any benefit from such settlement would have to be paid to the principal (the Orly Trust) – not to the beneficiary personally, and certainly not to her father, Arie Genger.

8. In sum, it appears that Orly Genger is seeking the Court's blessing to hand over, to the Trump Group, highly valuable TRI shares over which both TPR and the Orly Trust claim ownership, in order to enrich herself and/or her father, neither of whom owns the shares at issue. This would be highly improper even if sought through the correct procedure, let alone slipped into a stipulation of discontinuance. That the latter approach was taken should call into question the *bona fides* of all of the applicants at issue.

8. Accordingly, TPR and the Sagi Trust respectfully object to the Stipulation and ask the Court not to "so order" it. We thank the Court for is consideration.

Dated: New York, New York
June 19, 2013

MORGAN, LEWIS & BOCKIUS LLP

By: _____*/s/ John Dellaportas*_____
John Dellaportas
101 Park Avenue
New York, NY 10178-0060
212.309.6690
*Attorneys for TPR and the Sagi Trust*

---

2   TPR and the Sagi Trust reserve their rights, once they have received a copy of the applicants' settlement agreement, to object to it on other grounds.