KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Orly Genger,<br><br>      Debtor. | Chapter 7<br><br>Case No. 19-13895-JLG |
| DALIA GENGER,<br>      Plaintiff,<br><br>-against-<br><br>ORLY GENGER, MICHAEL BOWEN, ARIE GENGER, ARNOLD BROSER, DAVID BROSER, ERIC HERSCHMANN, THE GENGER LITIGATION TRUST, ADBG LLC, TEDCO INC., and DEBORAH PIAZZA as chapter 7 trustee,<br><br>      Defendants. | Adv. P. No. 20-01010 |

**JOINDER IN MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Eric Herschmann ("Herschmann") and Michael Bowen ("Bowen," and with Herschmann, "Movants") submit this joinder in the motion filed today (the "Motion") by defendants Orly Genger, Arie Genger, Arnold Broser, David Broser, The Genger Litigation Trust, ADBG LLC, and TEDCO, Inc. to dismiss the Amended Complaint (the "Complaint") brought by Dalia Genger ("Dalia"), and respectfully state as follows:[1]

---

[1] Capitalized terms used but not defined herein are defined in Dalia's Complaint. Exhibits cited herein are attached to the Declaration of Michael Paul Bowen, dated June 25, 2020 (the "Bowen Decl."), which is filed herewith.

**STATEMENT IN SUPPORT OF MOTION TO DISMISS**

1. The Complaint should be dismissed for all of the reasons set forth in the Motion filed today by the other defendants in this proceeding, including, among other things, that it is time barred, that Dalia has no standing to assert claims in this bankruptcy proceeding, that the Complaint fails to state any claim upon which relief can be granted, and that it is procedurally improper under Rule 7004(e) of the Federal Rules of Bankruptcy Procedure and Rules 4(m) and 15(a) of the Federal Rules of Civil Procedure.

2. The Complaint also should be dismissed because it fails to allege any actionable conduct on the part of Movants which gives rise to any of causes of action. This is especially the case because Movants *did not even know* any of the other parties to this case, let alone represent any of them, at the time the 2013 Settlement Agreement was negotiated and executed and the Trump Notes were issued, which is central to all of Dalia's allegations supporting her so-called "constructive trust" theory.

3. Dalia bases her claims against defendant Bowen on the demonstrably false allegation that he "holds the Trump Notes as an agent of Orly." Compl. ¶ 4; *see id.* ¶ 23 (contending Trump Notes are "…payable to Bowen as Orly's agent"); *id.* ¶ 40 ("The Trump Notes were secretly and fraudulently transferred to Bowen"). As clearly set forth in the Trump Notes and the 2013 Settlement Agreement (as amended in 2017) (*see* Exhibit A), the Trump Notes are payable when due to the "AG Group," and Bowen is merely the escrow agent for the "AG Group," which is comprised of Orly Genger, Arie Genger, and two other individuals and their corporate entities. Mr. Bowen is not holding the Trump Notes for Orly. Because the complaint refers to the Notes, which are therefore necessarily incorporated therein and part of Dalia's pleading, the terms of the Notes, which refute Dalia's claims by their plain terms, require

2

dismissal. *See Jenkins v. Virgin Atl. Airways, Ltd.*, 46 F. Supp. 2d 271, 275 (S.D.N.Y. 1999); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Adelphia Communications Corp. v. Bank of America, N.A.*, 365 B.R. 24, 34 (Bankr. S.D.N.Y. 2007) (documents referred to by pleading may be considered on motion to dismiss).

4.  Dalia also claims that Bowen testified falsely as the corporate representative for his law firm, Kasowitz Benson Torres LLP, in a deposition taken by Sagi Genger in the action captioned *Dalia Genger v. Sagi Genger*, S.D.N.Y. Case No. 17-cv-8181. Compl. ¶ 4. This too is refuted by the deposition transcript, which is also incorporated by reference in Dalia's pleading. Even a cursory review of that deposition transcript, attached to the Bowen Decl. as Exhibit B, refutes Dalia's claim that Bowen testified falsely. There is no false statement in his testimony and nothing in Dalia's complaints provides a basis to override the clear evidence of the deposition transcript itself. In that testimony, Bowen provided facts known to the firm, including Orly Genger's legal position that she has nothing to do with the Trump Notes or the "additional $17.3 million" that Dalia claims Orly received, that Orly is entitled to no proceeds in connection with those Notes or funds, and that she has no written agreement allocating the proceeds among the members of the AG Group. Dalia alleges no facts, and certainly none that meet the heightened pleading standard for alleging fraud or knowing falsehood, that support the conclusion that anything in this testimony is false, much less knowingly false. *See* Fed. R. Civ. P. 9(b).

5.  With respect to defendant Herschmann, Dalia alleges that Mr. Herschmann's security interest in the assets of two members of the AG Group – Arie Genger and Orly Genger – is related to a debt that Dalia conclusorily alleges is "wholly contrived and false." Compl. ¶ 26. That kind of self-serving, conclusory and generalized pleading is insufficient to meet even basic

3

federal pleading standards, much less the heightened pleading standard of Rule 9(b). *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (pleadings must contain sufficient factual allegations to create more than a suspicion of a legally cognizable right of action).

6.    In her facially defective complaint, Dalia alleged the loan by Herschmann to Arie Genger and Orly Genger is fraudulent without alleging any supporting facts. She nowhere alleges (because she cannot in good faith allege) that Herschmann did not transfer in December 2016 the $2 million in loan proceeds at issue to pay a legal bill on Orly Genger's behalf. The documentary proof of this loan-proceeds transfer is incontrovertible, which is why Dalia does not and cannot say anything to contest the fact that the loan proceeds were extended by Herschmann. Similarly, Dalia does not and cannot deny that the loan was documented in a promissory note and other loan documentation executed by all the relevant parties that memorialize the indisputable fact that the loan proceeds were paid to defray Orly's legal costs. Nor can Dalia deny that the loan is further secured by the borrowers' tangible and intangible assets, as reflected in numerous public UCC filings (attached to the Bowen Decl. as Exhibit C).

7.    Thus, the operative allegations of Dalia's complaint (such as they are) are insufficient to allege any actionable wrongful conduct by Herschmann under the federal standards – or indeed any pleading standard.

8.    Finally, there is no legally cognizable claim for "constructive fraud" (*see* Compl. ¶ 26), and Dalia fails to plead any of the elements of any sort of fraud claim, including a false representation of material fact, on which Dalia reasonably relied, which caused damage to Dalia. She certainly, for all the reasons discussed above and in the Motion, fails to meet the federal pleading standards, much less the heightened pleading standard for fraud under Rule 9(b).

## NOTICE

9.     Notice of this motion has been provided to: (i) the Plaintiff; (ii) the Chapter 7 Trustee; and (iii) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). In light of the relief requested, Movants respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST FOR RELIEF

10.     No prior request for the relief sought herein has been made by Movants to this or any other court.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Motion filed today by the other defendants in this proceeding, Movants submit that the Complaint be dismissed with prejudice.

Dated: June 25, 2020

        KASOWITZ BENSON TORRES LLP

        By: /s/ Michael Paul Bowen
            Eric D. Herschmann
            Michael Paul Bowen

        1633 Broadway
        New York, NY  10019
        (212) 506-1700
        EHerschmann@kasowitz.com
        MBowen@kasowitz.com

        *Attorneys for Movants*