# EXHIBIT D

771 Fed.Appx. 99 (Mem)
This case was not selected for
publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE
PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY
1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE
32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A
DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX
OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING
A SUMMARY ORDER MUST SERVE A COPY OF IT
ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Dalia GENGER, Plaintiff,
v.
Sagi GENGER, Defendant-
Third-Party-Plaintiff-Appellee,
v.
Orly Genger, Third-Party-Defendant-Appellant.

18-2471-cv
|
June 28, 2019

Appeal from a judgment of the United States District Court
for the Southern District of New York (Katherine B. Forrest,
*Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS
HEREBY ORDERED, ADJUDGED, AND DECREED**
that the August 17, 2018 judgment of the District Court be
and hereby is **AFFIRMED**.

**Attorneys and Law Firms**

FOR          DEFENDANT-THIRD-PARTY-PLAINTIFF-
APPELLEE: John Dellaportas (Kristina Allen, on the brief),
Kelley Drye & Warren LLP, New York, NY.

FOR THIRD-PARTY-DEFENDANT-APPELLANT: Marc
E. Kasowitz (Michael Paul Bowen, Daniel R. Benson, and
Andrew R. Kurland, on the brief), Kasowitz Benson Torres
LLP, New York, NY.

PRESENT: Ralph K. Winter, José A. Cabranes, Reena Raggi,
Circuit Judges.

**SUMMARY ORDER**

Third-Party-Defendant-Appellant Orly Genger ("Orly")
appeals from a judgment of the District Court granting
summary judgment in favor of her brother, Defendant-
Third-Party-Plaintiff-Appellee Sagi Genger ("Sagi"). We
assume the parties' familiarity with the underlying facts, the
procedural history of the case, and the issues on appeal.

I.

This long-running dispute arises from the divorce of Orly
and Sagi's parents, Arie Genger ("Arie") and Dalia Genger
("Dalia"). In connection with the dissolution of Arie and
Dalia's marriage, Dalia, Sagi, and Orly executed two
agreements at the heart of this appeal. In the first (the "2004
Promise") Dalia agreed to convey to Sagi and Orly "794.40
shares of Trans-Resources, Inc. ('TRI'), or beneficial interests
in those shares." J.A. 198. In return, Dalia received the right
to request from Sagi "funds to support [her] lifestyle," up
to "an amount equal to all dividends, distributions, proceeds
or other payments attributable" to the TRI shares. *Id.* In the
second agreement (the "2004 Indemnity"), Orly promised to
"indemnify, defend, and hold [Sagi] harmless, for and against
one-half (1/2) of any and all payments, ... claims, ... judgments
or obligations" arising from the 2004 Promise. *Id.* at 365.

In early 2014, Dalia requested from Sagi $200,000 pursuant
to the 2004 Promise. Sagi paid Dalia and then requested
$100,000 from Orly pursuant to the 2004 Indemnity. When
Orly refused to pay, Sagi commenced an action in the
Southern District of New York. On January 5, 2015, the
District Court concluded that the 2004 **\*100** Promise and
the 2004 Indemnity are an integrated, enforceable agreement,
and granted summary judgment in Sagi's favor. *See Genger
v. Genger*, 76 F. Supp. 3d 488, 502 (S.D.N.Y. 2015) ("*Genger
I*"). We affirmed. *See Genger v. Genger*, 663 F. App'x 44 (2d
Cir. 2016) ("*Genger II*").

In October 2017, Dalia made a second request pursuant to
the 2004 Promise, this time for $6 million. Sagi refused
to comply, and Dalia commenced this action. Sagi then
filed a third-party complaint against Orly, who again refused

to indemnify him, for breach of the 2004 Indemnity. As relevant here, the District Court denied Orly's motion to dismiss for lack of subject matter jurisdiction, and granted summary judgment in Dalia's favor (against Sagi) and Sagi's favor (against Orly). *See Genger v. Genger*, No. 17-CV-8181 (KBF), 2018 WL 3632521, at *1 (S.D.N.Y. July 27, 2018). This appeal followed.

## II.

We consider first Orly's contention that the District Court erred in denying her motion to dismiss for lack of subject matter jurisdiction. On appeal, we review the District Court's factual findings for clear error and its legal conclusions *de novo. Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019).

Orly's argument is premised on an idiosyncratic exception to the federal courts' diversity jurisdiction—namely, that diversity jurisdiction cannot exist where one of the parties to a controversy is a United States citizen domiciled abroad. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Orly claims that she has been domiciled in Israel at all times relevant to this action.[1] She concedes, however, that the District Court might nevertheless have exercised jurisdiction over Sagi's third-party complaint under 28 U.S.C. § 1367(a) (providing for "supplemental jurisdiction over all other claims that are so related to claims in [an] action within [the district courts'] original jurisdiction that they form part of the same case or controversy") because Dalia and Sagi, *i.e.*, the parties in the first-party action, are themselves diverse. But, she argues, the District Court should have granted her request to realign the parties—Dalia and Sagi as co-plaintiffs against Orly as the sole defendant—in which case supplemental jurisdiction under § 1367(a) would have been inapplicable because there would be a single action with non-diverse plaintiffs and defendants.

Because "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants," federal courts have a "duty" to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Maryland Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993) (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941)) (internal quotation marks omitted). In determining whether to realign parties, we consider whether there is a "collision of interests" so as to create "an actual, substantial controversy." *Id.* This is a "fact-specific inquiry" that requires courts to examine "the realities of the record." *Id.* at 623 (internal quotation marks omitted).

We conclude that there is a sufficient "collision of interests" between Dalia and Sagi. Dalia seeks to recover from Sagi $6 million pursuant to the 2004 Promise. Sagi admits that he has no defense to Dalia's **\*101** claim but nevertheless has refused to pay. Had Sagi never sought to implead Orly, the District Court plainly could not have dismissed Dalia's action against Sagi for lack of subject matter jurisdiction. Although Dalia and Sagi's dispute might not be the central controversy in this action, it is nonetheless sufficient to establish the requisite "collision of interests." *See Maryland Cas. Co.*, 23 F.3d at 622 ("[T]he conflict may in some cases concern an issue other than the so-called primary issue in dispute."). We therefore affirm the District Court's decision declining to realign the parties.

## III.

Orly next challenges the District Court's decision granting summary judgment in Sagi's favor and declining her request for additional discovery under Federal Rule of Civil Procedure 56(d). We review the former decision *de novo*, and the latter for "abuse of discretion." *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019) (grant of summary judgment reviewed *de novo*); *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (denial of motion under Rule 56(d) reviewed for "abuse of discretion"). In reviewing the District Court's grant of summary judgment, we "may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the [D]istrict [C]ourt." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (internal quotation marks omitted).

*First*, Orly contends that the District Court failed to consider evidence that Dalia and Sagi engaged in bad faith. Even assuming that we left open in *Genger II* the possibility that Sagi—or Orly, as Sagi's putative indemnitor—could assert a bad-faith defense to a request by Dalia under the 2004 Promise, Orly has failed to do so here. Under Federal Rule of Civil Procedure 14(a)(2)(C), a third-party defendant such as Orly "may assert against the plaintiff [*i.e.*, Dalia] any defense that the third-party plaintiff [*i.e.*, Sagi] has to the plaintiff's [*i.e.*, Dalia's] claim." Before the district court, where both Dalia and Sagi moved for summary judgment, Orly opposed

only Sagi's motion, and *not* Dalia's. Since Orly did not challenge Dalia's demand or motion, we assume on appeal the validity of Dalia's claim. In these circumstances, the 2004 Indemnity permits Sagi to seek indemnification from Orly for one-half of the amount he must now pay Dalia. Orly cannot explain how Dalia and Sagi's alleged bad faith bears on her unambiguous obligation to Sagi under the 2004 Indemnity.

*Second*, Orly argues that her indemnification obligation should be subject to a "cap" based on the amount of payments attributable to her portion of the TRI marital shares, and further suggests that she in fact never received *any* such payments. These arguments fail for the same reason Orly's bad faith argument fails—namely, that Orly failed to challenge Dalia's claim in the district court. In addition, as noted above, the 2004 Promise states that Sagi must, at Dalia's request, pay her "an amount equal to all dividends, distributions, proceeds or other payments attributable to 794.40 shares of TRI ... that have previously been paid to Orly, [Sagi] or any trust for the benefit of either of us." J.A. 198. This provision does indeed include a "cap" on the amount that Sagi is obliged to pay Dalia. It says nothing, however, about Orly's indemnification obligation. The 2004 Indemnity unconditionally requires Orly to "indemnify, defend, and hold [Sagi] harmless, for and against one-half (1/2) of any and all payments, ... claims, ... judgments or obligations" arising from the 2004 Promise. J.A. 365. We are not free to **\*102** disregard the agreement's unambiguous terms. *See Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002) ("[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.") Accordingly, because we assume the validity of Dalia's claim, we conclude that the District Court correctly held that Orly is required under the 2004 Indemnity to indemnify Sagi for half of the amount he owes to Dalia under the 2004 Promise.

*Finally*, Orly argues that indemnification is not "ripe" because Sagi has not paid Dalia. We agree with the District Court that this issue is moot in light of the now-final judgment requiring Sagi to pay Dalia. That Sagi has yet to comply with the judgment does not vitiate the obligation that judgment represents. *Cf. Hold Harmless*, Black's Law Dictionary (10th ed. 2014) ("To absolve (another party) from any responsibility for damages or other liability."). Moreover, the 2004 Indemnity clearly requires Orly to indemnify Sagi for one-half of any "judgments" arising from "[his] undertakings in the [2004] Promise." J.A. 365.

## CONCLUSION

We have reviewed all of the arguments raised by Orly on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 17, 2018 judgment of the District Court.

**All Citations**

771 Fed.Appx. 99 (Mem)

---

Footnotes

1    The parties dispute this factual issue, which the District Court found unnecessary to resolve. We too assume without deciding that Orly was domiciled in Israel when this action was commenced.

---

**End of Document**                                      © 2020 Thomson Reuters. No claim to original U.S. Government Works.