# EXHIBIT M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
DALIA GENGER,                                    :

       Plaintiff,                              :

          -v-                             :

SAGI GENGER,                                     :

    Defendant/Third-Party Plaintiff,     :

          -v-                             :

ORLY GENGER,                                     :

      Third-Party Defendant.               :
-------------------------------------------------------- X

No. 17-cv-08181-VSB

**ORLY GENGER'S OBJECTIONS
AND RESPONSES TO FIRST SET
OF POST-JUDGMENT
DISCOVERY REQUESTS**

      Third-party defendant Orly Genger ("Orly"), by and through her counsel, hereby

responds to Sagi Genger's ("Sagi") First Set of Post-Judgment Interrogatories and Requests for

the Production of Documents (the "Requests"):

**GENERAL OBJECTIONS**

      Orly's general objections to the Requests, including the Instructions and Definitions

therein, are set forth below, and are incorporated by reference within each of Orly's separate

responses. The assertion of additional specific objections to a particular interrogatory or request

for production shall not be construed as waiving any applicable general objection with respect to

that or any other interrogatory or request for production.

      1.     Orly objects to the Requests to the extent they exceed the scope of permissible

discovery under, and/or seek to impose obligations on Defendants beyond those imposed by, the

Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules, and/or the local

rules of the Court.



2.    Orly objects to the Requests to the extent that the discovery sought is duplicative, cumulative, overbroad, unduly burdensome, oppressive, harassing, ambiguous, vague, or requires unreasonable investigation by Orly.  Orly also objects to the Requests insofar as they purport to impose a duty to provide information or documents not within Orly's possession, custody, or control.

3.    Orly objects to the arbitrary six-year lookback called for by many of the interrogatories and requests for production, which is an unreasonable time period considering Sagi filed this action on October 24, 2017.  Accordingly, unless otherwise set forth in a particular response, the time period of Orly's responses goes only as far back as the date of the commencement of the action.

4.    Orly objects to the Requests to the extent that they impose a burden on her to provide publicly available information.

5.    Orly objects to the Requests to the extent that they seek information already within the possession, custody, or control of Sagi.

6.    Orly objects to the Requests to the extent that they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, spousal privilege, or any other applicable privilege, protection, or doctrine.  Orly asserts all applicable privileges and protections from production or disclosure, and reserves the right to withhold information protected by the attorney-client privilege, work-product doctrine, or spousal communication privilege.

7.    Orly objects to the Requests to the extent that they seek confidential or personally sensitive information.  Orly also objects to the Requests to the extent that they seek information

that is protected from disclosure by law, including but not limited to court orders or any agreements with respect to confidentiality or nondisclosure.

   8.     The information provided herein is based on Orly's present knowledge, information, and belief. Orly reserves the right to supplement, amend, or correct all or any parts of any objection or response provided herein.

   9.     Orly reserves the right to object to the admissibility of all or any part of the responses and information provided herein.

   10.    The disclosure of information by Orly in response to the Requests shall not be deemed an admission, concession or acquiescence as to any characterizations contained in the Requests or to the propriety or accuracy of the terminology used, or legal conclusions drawn, by Sagi in posing the Requests. Orly's responses herein shall not waive or prejudice any objections or privileges she may later assert.

   11.    To the extent Orly agrees to produce documents in response to any of the requests for production, Orly will do so only after an appropriate confidentiality order is entered by the Court.

   12.    Orly does not in any way waive the right to object on any ground at any time to the use of the information disclosed in response to the Requests at any trial, hearing, or other proceeding

### RESPONSES AND OBJECTIONS TO REQUESTS

INTERROGATORY NO. 1:
    Identify the license number and state of issuance for each driver's license in Defendant's name, Defendant's full name, including middle name, and any other name Defendant has used at any time, including each nickname, alias and (if appropriate) name before and/or during Defendant's marriage.

3

RESPONSE:

Orly objects to the portion of this interrogatory that seeks information concerning any

driver's license, because it seeks information that is not relevant to the collection or enforcement

of the judgment. Subject to this objection and the foregoing general objections, Orly responds

that her full name is Orly Genger, and she has never been known by any other name.

REQUEST FOR PRODUCTION NO. 2: [sic]
Please produce at the time and place described in the first paragraph on page 1 of the
interrogatories all writing and documents concerning and relevant to Defendant's answer to the
foregoing Interrogatory, including but not limited to unredacted copies of all such licenses.

RESPONSE:

In addition to the foregoing general objections, Orly objects to this request on the

grounds that it is vague and ambiguous, overbroad, and unduly burdensome. Orly also objects to

this request because it seeks documents not relevant to the collection or enforcement of the

judgment. Orly will not produce any documents in response to this request.

INTERROGATORY NO. 2:
State all current and former residential and business addresses and telephone numbers for
Defendant for the past six years, including but not limited to all galleries and studios in which
Defendant works and/or participates in artistic activities.

RESPONSE:

Orly objects to this interrogatory because it seeks information that is not relevant to

collection or enforcement of the judgment, and on the grounds that it is vague, ambiguous,

overbroad, and unduly burdensome. Subject to these specific objections and the foregoing

general objections, Orly responds as follows:

At points from 2016 to the present, the following addresses are responsive to this

Interrogatory:

4

| 210 Lavaca St. Unit 1903 Austin, TX 78701 | Rokah Shim'on St., 35 Tel Aviv, Israel 65148 | 780 Greenwich St. Apt. 4P New York, NY 10014 | Hevrat Shas St., 8 Tel Aviv, Israel 65155 | 134 Bayard St. Brooklyn, NY 11222 |
|---|---|---|---|---|

REQUEST FOR PRODUCTION NO. 2:

Please produce at the time and place described in the first paragraph on page 1 of the interrogatories all writing and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of all contracts, deeds, leases and/or other business records establishing Defendant's right to work and/or participate in artistic activities at such locations.

RESPONSE:

In addition to the foregoing general objections, Orly objects to this request on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome. Orly also objects to this request because it seeks documents not relevant to the collection or enforcement of the judgment. Subject to these objections and the foregoing general objections, Orly agrees to conduct a reasonable search for and produce non-privileged documents in response to this request.

INTERROGATORY NO. 3:

If Defendant owns all of or part of another corporation, partnership, LLC or other entity of any nature, state for each such:
  A. Its correct name;
  B. Its current address; and
  C. The names of all persons owning any interest therein or who manage any of its affairs and each such person's address and telephone number.

RESPONSE:

Subject to the foregoing general objections, Orly response to this interrogatory as follows:

| Entity | Address | Other Notes |
|---|---|---|
| D&K Limited Partnership | Unknown | Sagi Genger is 50% co-owner of this entity. |
| Everything Important LLC | 134 Bayard St. Brooklyn, NY 11222<br><br>c/o Arie Genger 19111 Collins Ave. Unit 706 Sunny Isles Beach, FL 33160 | Orly holds only a minority interest; Arie Genger owns the majority of this entity. |
| OGJM, Inc. | California (specific address unknown) | Orly owns half of the shares in this entity. Jaclyn Mayer owns the other half. Orly has never received any distributions or proceeds from this entity, and has never managed this entity. |

Orly also has interests in other entities, either directly or indirectly, as described in the

pending state court litigations against Sagi.

## REQUEST FOR PRODUCTION NO. 3:

Please produce at the time and place described in the first paragraph on page 1 of the document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to any charters, bylaws, membership and partnership agreements, subscription agreements, stockholder agreements, etc.

## RESPONSE:

In addition to the foregoing general objections, Orly objects to this request on the

grounds that it is overbroad, and unduly burdensome. Subject to these objections and the

foregoing general objections, Orly agrees to conduct a reasonable search for and produce non-

privileged documents in response to this request.

## INTERROGATORY NO. 4:

Identify any written financial arrangement between Defendant and her spouse including any pre- or postnuptial agreement.

RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague, ambiguous, and seeks

information that is not relevant to the collection or enforcement of the judgment. Orly further

objects to this interrogatory to the extent it seeks to invade privilege, including spousal privilege,

and confidentiality.

REQUEST FOR PRODUCTION NO. 4:
    Please produce at the time and place described in the first paragraph on page 1 of the
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to unredacted copies of all pre- and
postnuptial agreements.

RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, and seeks

information that is not relevant to the collection or enforcement of the judgment. Orly further

objects to this interrogatory to the extent it seeks to invade privilege, including spousal privilege,

and confidentiality. Orly will not produce any documents in response to this request.

INTERROGATORY NO. 5:
    Identify each person employed by, or business partners with, Defendant by stating as to
each such person her or her full name and the person's relationship to Defendant.

RESPONSE:

Subject to the foregoing general objections, Orly responds as follows:  Orly employs no

one. *See also* response to Interrogatory No. 3.

REQUEST FOR PRODUCTION NO. 5:
    Please produce at the time and place described in the first paragraph on page 1 of the
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to documents sufficient to establish each
person's current residential address.

7

RESPONSE:

  n/a

INTERROGATORY NO. 6:
  If Defendant rents property either personally or through another legal or natural person, identify each by stating the complete address of each, the full name and address of each landlord, the amount of each rental payment, the day of the month when it is due, the date when it is made, the complete address where rental payments are made, and the amount of each deposit paid to the landlord.

RESPONSE:

  Orly objects to this interrogatory on the grounds that it is vague, ambiguous, compound,

overbroad, unduly burdensome. Subject to these objections, Orly responds as follows: Orly

rents no property, either personally or through any entity. *See also* response to Interrogatory No.

2.

REQUEST FOR PRODUCTION NO. 6:
  Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of each lease.

RESPONSE:

  n/a

INTERROGATORY NO. 7:
  As to all business that Defendant conducts, manages, or holds an interest in, state the nature of the business, how long Defendant has been conducting, managing or holding an interest in that business, the full name of the business, the address and telephone number of that business, the annual income for each of the last six years or for any portion thereof from said business, the average monthly income for the last six months, whether any money is presently owed to Defendant, and if it is, what amount and by whom.

RESPONSE:

  Orly objects to this interrogatory on the grounds that it is vague, ambiguous, compound,

duplicative overbroad, and unduly burdensome. Subject to these objections and the foregoing

8

general objections, Orly responds as follows: No money is owed to Orly, other than amounts

that Sagi Genger improperly took from her. Additionally, Orly will conduct a reasonable search

for and produce the relevant portions of non-privileged documents that contain information

responsive to this Interrogatory. *See also* response to Interrogatory No. 3.

REQUEST FOR PRODUCTION NO. 7:
Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of annual financial statements and tax and information returns for each business for the past six years.

RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, compound,

duplicative, overbroad, and unduly burdensome. Subject to these objections and the foregoing

general objections, Orly agrees to conduct a reasonable search for and produce the relevant

portions of non-privileged documents in response to this request.

INTERROGATORY NO. 8:
State whether any compensation is presently owed to Defendant, and if so, in what amount and from whom.

RESPONSE:

Orly is owed no compensation.

REQUEST FOR PRODUCTION NO. 8:
Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of all compensation-related records.

RESPONSE:

n/a

9

INTERROGATORY NO. 9:
Identify income, rents or benefits to Defendant from any source by stating the full name and address of each such source, the amount of the income or benefits, precisely when each such payment is received throughout the year, the full name, address, and telephone number of each person, financial institution or other entity with which Defendant deposit payments.

RESPONSE:

In response to this Interrogatory, Orly incorporates her response to Interrogatory No. 7.

REQUEST FOR PRODUCTION NO. 9:
Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of bank or other account statements reflecting all such income, rents or benefits.

RESPONSE:

In response to this request, Orly incorporates her response to Request for Production

No. 7.

INTERROGATORY NO. 10:
Identify each gift (including but not limited to any contributions to charity, nonprofit organizations and political campaigns) made by Defendant in excess of $500 during the last six years by stating the date and amount of the gift or payment, the full name and complete address of each recipient, the total amount owed the recipient before the gift was made, the date on which the gift was due, the balance due the recipient after the gift was made, and the name of the person who made the gift.

RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad

and unduly burdensome. Subject to these objections and the foregoing general objections, Orly

responds that she has made no gifts to anyone valued in excess of $500 during the last three

years.

REQUEST FOR PRODUCTION NO. 10:
Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to

the foregoing Interrogatory, including but not limited to unredacted copies of canceled checks, credit or debit card statements, or other financial records sufficient to show each expense payment.

RESPONSE:

n/a

INTERROGATORY NO. 11:

Does Defendant now own, claim an interest in, or have title to any art objects, jewelry (including any engagement ring) or other items worth $100 or more? If so, identify each by stating the current location of each such item, the name and address of each person or entity having control over the item, the present estimated market value of the item, and the name of any persons or entity who has title or an interest in the item along with Defendant, describing the nature of that interest.

RESPONSE:

Orly objects to this interrogatory on the grounds that it is overbroad and unduly

burdensome, and to the extent it seeks information about property which cannot be used to

satisfy the judgment. Subject to these objections and the foregoing general objections, Orly

responds as follows:

In Israel, Orly has one print by the artist Alfredo Jaar, as well as various pieces of

jewelry, including necklaces, earrings, bracelets, and rings. The market value for many of these

items (which include "costume" pieces) is difficult, if not impossible, to determine, and some

items may have no value whatsoever. However, an estimate of the value of all items

collectively, including the one piece of artwork, is approximately $5,000 to $10,000.

REQUEST FOR PRODUCTION NO. 11:

Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of any records of ownership of the art objects, jewelry, collection of stamps, coins or other items.

11

RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, overbroad and

unduly burdensome, and to the extent it seeks information about property which cannot be used

to satisfy the judgment, and states that she has no documents responsive to this request.

INTERROGATORY NO. 12:
        Identify the real estate or personal property owned by Defendant, either directly or
beneficially through another record owner, stating as to each such item its legal and common
description, the present estimated value of the item or property, the location of the item or
property, the amount paid for the property when acquired by Defendant, and the name of any
person owing or having an in in that property.

RESPONSE:

        Orly objects to this interrogatory on the grounds that it is duplicative, overbroad, and

unduly burdensome, and to the extent it seeks information about property which cannot be used

to satisfy the judgment.  Subject to these objections and the foregoing general objections, Orly

responds as follows:

        Orly owns a 50% undivided interest in the Texas homestead located at 210 Lavaca Street,

Unit 1903, Austin, TX 78701.  Orly's name was added to the deed of this property after her

marriage.  She did not pay anything for her 50% undivided interest in the property.

REQUEST FOR PRODUCTION NO. 12:
        Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to unredacted copies of all deeds, title
documents and other ownership records.

RESPONSE:

        Orly objects to this request on the grounds that it is duplicative, overbroad, and unduly

burdensome, and to the extent it seeks information about property which cannot be used to

satisfy the judgment.  Orly further objects to this request because it seeks information already in

12

Sagi Genger's possession, custody, or control, information that is not in Orly's possession,

custody, or control, and/or information that is publicly available.

### INTERROGATORY NO. 13:
Identify the bookkeeping, tax or accounting services rendered to Defendant during the last six years by stating as to each the full name and complete address of the accountant, bookkeeper or certified public accountant or other person who performed services, the dates when the services were rendered, and a description of the services.

### RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague and ambiguous. Subject

to these objections and the foregoing general objections, Orly responds as follows:

William Fischer, of Raines & Fischer, LLP

### REQUEST FOR PRODUCTION NO. 13:
Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of all retainer letters and agreements, all invoices for services rendered, and all communications.

### RESPONSE:

Orly objects to this request on the grounds that it is vague and ambiguous, and to the

extent it seeks the production of privileged information. Orly also objects to this request because

it seeks documents not relevant to the collection or enforcement of the judgment. Orly will not

produce any documents in response to this request.

### INTERROGATORY NO. 14:
Identify any and all tax and information returns filed with the United States or any state thereof, or any foreign country during the last six years, whether such filing was on an individual basis or a joint filing with a spouse.

13

RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague and ambiguous. Subject

to these objections and the foregoing general objections, Orly responds as follows:

Orly has always filed taxes on an individual basis, and never jointly with a spouse.

REQUEST FOR PRODUCTION NO. 14:
Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to unredacted copies of all tax and
information returns.

RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, overbroad, and

unduly burdensome. Subject to these objections and the foregoing general objections, Orly

agrees to conduct a reasonable search for and produce the relevant portions of her filed tax

returns for the 2016 and 2017 tax years in response to this request.

INTERROGATORY NO. 15:
Identify each cause of action filed, directed or controlled by Defendant, either in a
personal or representative capacity, proceeding against any party before any court of law or
arbitral institution, including the name of the case, the index or case number, the name of the
presiding court or arbitral institute, the names of each party, the current status of the proceeding,
and the value of each claim.

RESPONSE:

Sagi is a litigant in all pending actions involving Orly.

REQUEST FOR PRODUCTION NO. 15:
Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to unredacted copies of all pleadings.

14

RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, overbroad, and

unduly burdensome, and to the extent it calls for the production of privileged information. Orly

declines to produce any documents in response to this request because Sagi is party to all

litigations in which Orly is involved.

INTERROGATORY NO. 16:
Identify all bank (checking or savings) accounts, brokerage accounts, credit card
accounts, debit card accounts, or other financial accounts held by, in the name of, or for the
benefit of, Defendant, either individually or jointly, or any account which Defendant has a direct
or indirect interest in or control over, for any period during the last six years.

RESPONSE:

Orly objects to this interrogatory on the grounds that it is overbroad and unduly

burdensome. Subject to these objections and the foregoing general objections, Orly identifies the

following accounts in her name:

Vanguard brokerage account # xxxx0036

Vanguard money market account # xxxxxxx5673

Morgan Stanley account # xxxxxxxx8111

Bank of America account # [unknown; attached by Sagi in 2017]

REQUEST FOR PRODUCTION NO. 16:
Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to unredacted copies of all account
statements.

RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, overbroad, and

unduly burdensome. Subject to these objections and the foregoing general objections, Orly

agrees to conduct a reasonable search for and produce non-privileged documents responsive to

this request with respect to the accounts identified above from 2017 to the present.

## INTERROGATORY NO. 17:

Provide a schedule of all debts owing to Defendant, whether past due or yet to become due, even if only upon demand by Defendant, and any other intangible asset or property owned by Defendant that can be assigned or transferred, whether a present or future right or interest and whether or not vested, at year end for each of last six years, describing any debt over $10,0000 [sic] not appearing because it did not exist at year end.

## RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague, ambiguous, compound,

duplicative, overbroad and unduly burdensome.  Subject to these objections and the foregoing

general objections, Orly responds as follows:  There are no debts currently due to Orly or yet to

become due to Orly, but Orly expects that significant damages will be awarded to her in

connection with her litigations against Sagi currently pending in state court.

## REQUEST FOR PRODUCTION NO. 17:

Please produce at the time and place described in the first paragraph on page 1 of this document, above, all writings and documents concerning and relevant to Defendant's answer to the foregoing Interrogatory, including but not limited to unredacted copies of all promissory notes and other documents establishing the debts.

## RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, overbroad and

unduly burdensome, and to the extent it seeks documents already in Sagi's possession, custody,

or control.

## INTERROGATORY NO. 18:

Identify the amount, date, and recipient of all payments made and/or to be made to any person or entity pursuant to Defendant's 2013 settlement with, *inter alia*, the parties known as "The Trump Group," including any and all payments made from any escrow accounts thereunder.

RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague and ambiguous and to the

extent it seeks information not known by Orly.  Subject to these objections and the foregoing

general objections, Orly responds to this interrogatory as follows:

Orly has received $0.00, as well as no non-monetary benefit, in connection with the 2013

settlement with the parties known as "The Trump Group," and has no knowledge of any amounts

or benefits other parties may have received under that settlement.  Further, Orly knows that Sagi

took for himself (either directly or through an entity under his control) the $10,314,005.00 that

was supposed to have been allocated to Orly in connection with that settlement.

## REQUEST FOR PRODUCTION NO. 18:

Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to all payment records, all promissory
notes issued thereunder, and all communications concerning any of the foregoing.

## RESPONSE:

Orly objects to this request on the grounds that it is vague, ambiguous, overbroad and

unduly burdensome, and to the extent it seeks documents already in Sagi's possession, custody,

or control and/or documents not in Orly's possession, custody, or control.

## INTERROGATORY NO. 19:

Identify all escrow arrangements or agreements made pursuant to Defendant's 2013
settlement with, *inter alia*, the parties known as "The Trump Group," including the content of
any escrow account thereunder.

## RESPONSE:

Orly objects to this interrogatory on the grounds that it is vague, ambiguous, and to the

extent it seeks information not in Orly's possession, custody, or control.

17

REQUEST FOR PRODUCTION NO. 19:
    Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to all escrow agreements and all
communications concerning any of the foregoing.

RESPONSE:

    Orly objects to this request on the grounds that it is vague and ambiguous, and states that

she has no documents in her possession, custody, or control responsive to this request.

INTERROGATORY NO. 20:
    Identify the record and beneficial ownership, purchase date and price, and all repair and
renovation expenditures, for the home in Tel Aviv, Israel that Orly identified in this action as her
primary residence.

RESPONSE:

    Subject to the general objections, Orly responds to this interrogatory as follows:

    Orly has no knowledge of the purchase price, cost of any renovations or repairs, or the

owner(s) or beneficial owner(s) of said property. However, Orly knows that she does not own

any interest in the property whatsoever, directly or indirectly, and contributed no funds

whatsoever used to purchase or improve the property.

REQUEST FOR PRODUCTION NO. 20:
    Please produce at the time and place described in the first paragraph on page 1 of this
document, above, all writings and documents concerning and relevant to Defendant's answer to
the foregoing Interrogatory, including but not limited to all ownership, deed transfer, purchase
and sale, and all invoices and records for repair and renovation of the home.

RESPONSE:

    · Orly has no documents in her possession, custody, or control responsive to this request.

18

Dated: New York, New York
October 9, 2018

KASOWITZ BENSON TORRES LLP

By: /s/ Michael Paul Bowen
Michael Paul Bowen
(mbowen@kasowitz.com)
Andrew R. Kurland
(akurland@kasowitz.com)
1633 Broadway
New York, NY 10019
(212) 506-1700

*Attorneys for Third-Party Defendant Orly Genger*

19

Dated:  October *16* 2018

I declare under penalty of perjury under the laws of the United States that the foregoing

answers to Interrogatories are true and correct.

_____
Orly Genger

20