

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Christopher Gartman
Partner
Direct Dial: +1 (212) 837-6350
Direct Fax: +1 (212) 299-6350
chris.gartman@hugheshubbard.com

July 17, 2020

**BY ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

<u>Re: *Dalia Genger v. Orly Genger, et al.*, Adv. Pro. No. 20-01010 (JLG)</u>

Dear Judge Garrity,

We write on behalf of defendants Orly Genger, Michael Bowen, Eric Herschmann, the Genger Litigation Trust, ADBG LLC, Tedco, Inc., the Genger Litigation Trust, Arnold Broser, David Broser, and Arie Genger. Just two days ago, and over 8 hours after the noticed objection deadline, Plaintiff Dalia Genger filed a purported "cross-motion" for summary judgment as part of her opposition to the various movants' motions to dismiss her constructive trust action. (Docket Nos. 19, 20). Dalia's unauthorized "cross-motion," which requests a hearing just six days later, was filed in direct violation of the Bankruptcy Rules and the Local Rules.

Bankruptcy Rule 7056 provides, in relevant part, that "any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise." Local Rule 7056-1(a) provides as follows:

> Unless the Court orders otherwise, no party shall file a motion for
> summary judgment without first seeking a pre-motion conference.
> The request for a pre-motion conference shall be made by letter,

> filed with the Court, on the docket of the case, and served on all other parties setting forth the issues to be presented in the motion and the grounds for relief. Unless the Court otherwise directs, the letter shall not exceed two pages in length.

Dalia's "cross-motion" violates each of these rules. Dalia failed to request a pre-motion conference before filing her purported "cross-motion." Her counsel never disclosed Dalia's intent to seek such relief at this time, including at the July 2, 2020 conference before the Court at which the parties extensively discussed, and the Court established a schedule for, the motion to dismiss. No evidentiary hearing on a summary judgment motion has been scheduled, and the "cross-motion" fails to provide the required 30 days' notice from a presently non-existent summary judgment hearing.

Dalia's "cross-motion" thus further exemplifies the "rules don't apply to us" mentality consistently deployed by Dalia and her cohorts. Indeed, Dalia now seeks summary judgment despite claiming that she is too incapacitated to testify, and arguing just two paragraphs earlier in her opposition that she should be granted leave to amend her already amended complaint because "issue has not been joined, substantive discovery has not commenced and the case is still in its earliest stage" (Docket No. 19 at 33).

Because the "cross-motion" violates the Local Rules and the Bankruptcy Rules, it is procedurally defective and therefore void. Should the Court deny the movants' motions to dismiss this adversary proceeding, which it should not, it can then consider a request by Dalia to seek summary judgment in accordance with the Bankruptcy Rules and Local Rules.

Accordingly, unless otherwise ordered by the Court, the parties hereto do not intend to respond to the "cross-motion's" substantive, as opposed to procedural, deficiencies, and reserve all rights, claims and defenses relating thereto. We simply note that summary judgment could *never* be granted in Dalia's favor because Dalia has previously submitted sworn testimony that

the property over which she now seeks a constructive trust – because it allegedly belongs to her – instead "belongs to the Orly Trust and no one else." (See Exhibit A ¶ 3). While we dispute that contention, it is directly inconsistent with Dalia's amended complaint and exemplifies its frivolous nature. It also warrants sanctions.

Respectfully submitted,

**ADBG LLC, TEDCO, INC., ARNOLD BROSER AND DAVID BROSER**

*/s/ Christopher Gartman*
By: Christopher Gartman
Hughes Hubbard & Reed LLP

**ORLY GENGER**

*/s/ Yann Geron*
By: Yann Geron
Reitler Kailas & Rosenblatt LLC

**ERIC HERSCHMANN**

*/s/ Eric Herschmann*

**MICHAEL BOWEN**

*/s/ Michael Bowen*

**ARIE GENGER**

*/s/ Frank Oswald*
By: Frank A. Oswald
Togut, Segal & Segal LLP

**LANCE HARRIS, AS TRUSTEE OF THE GENGER LITIGATION TRUST**

*/s/ Lance Harris*

cc: All Counsel of Record (by ECF)

3

# **EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
ARIE GENGER and ORLY GENGER, in her : 
individual capacity and on behalf of
THE ORLY GENGER 1993 TRUST, : Index No. 651089/2010
  (Jaffe, B. JSC)
             Plaintiffs, Motion Sequence #42
 :
             -against-

SAGI GENGER, TPR INVESTMENT :
ASSOCIATES, INC., DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE :
FANG, individually and as trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA :
INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR :
EQUITY II, LLC, JULES TRUMP, EDDIE
TRUMP AND MARK HIRSCH, : Affidavit of Dalia Genger

             Defendants.
---------------------------------------------------------------x
SAGI GENGER, individually and as assignee of :
THE SAGI GENGER 1993 TRUST, and TPR
INVESTMENT ASSOCIATES, INC. :

     Cross-Claimants, Counterclaimants, and :
     Third-Party Claimants,

 :
             -against-
 :

ARIE GENGER, ORLY GENGER,
GLENCLOVA INVESTMENT COMPANY, :
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,
NEW TR EQUITY II, LLC, JULES TRUMP, :
EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., WILLIAM :
DOWD, and THE ORLY GENGER 1993 TRUST,
 :
     Cross-Claim, Counterclaim and/or
     Third-Party Defendants. :
---------------------------------------------------------------x
State of New York
            Ss.
County of New York

DALIA GENGER, being duly sworn, deposes and says:

1. I, as the trustee of the Orly Genger 1993 Trust (the "Orly Trust"), am the moving party in this matter. I am fully familiar with the facts of this matter. I make this affidavit, based upon my personal knowledge, in further support of my motion for payment of the Trump Group Settlement money into Court.

2. One might ask, after all of the ill will and litigation in my family, why I would care whether the Trump Group Settlement money is paid to the Orly Trust via deposit into Court or, instead, to Orly either directly or indirectly?

3. Here is the reason: Because the money belongs to the Orly Trust and no one else.

4. As one court has recently found, Orly, by virtue of the Trump Group Settlement, "monetized her beneficial interest in the Orly Trust shares…." Thus, the settlement proceeds must be safeguarded for the Orly Trust.

5. However, as it stands now, neither the Orly Trust nor, I believe, even Orly herself, is the principal beneficiary of the Trump Group Settlement. Rather, the "AG Group" (three of whose members are not Orly) is getting the funds.

6. Like any good parents, when my ex-husband Arie and I originally established the Orly Trust, our goals was to improve our daughter's, and also specifically our grandchildren's (hopefully her kids'), lives. These funds should be used for what we intended – financing education, improving health, and generally helping Orly and our grandchildren build a better life. It is abhorrent that these funds, the product of a thirty-three year marriage, will instead be used to finance lawyers.

7. The money should not be frittered away. It was intended as a source of wealth for many years and for multiple generations. I ask the Court to help make that happen.

Wherefore, I respectfully request that the Trump Group Settlement be paid into Court.

                                                _____
                                                Dalia Genger

Sworn to before me this
20th day of February, 2015

_____
Notary Public