IRA DANIEL TOKAYER, ESQ.
Attorney at Law
420 Lexington Avenue, Suite 2400
New York, New York 10170
TEL: (212) 695-5250
FAX: (212) 695-5450
imtoke@mindspring.com

July 17, 2020

BY EMAIL
Hon. James L. Garrity Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green,
New York, New York 10004

  Re: <u>Genger v. Genger, et al., Adv. P. No. 01010-2020 (JLG)</u>

Dear Judge Garrity:

  I am an attorney for plaintiff, Dalia Genger ("Dalia"), in the above-referenced adversary proceeding. I write in response to the July 17, 2020 letter of various defendants concerning plaintiff's cross-motion for summary judgment.

  As plaintiff's papers make clear, the basis for plaintiff's cross-motion is the same as her opposition to defendants' motions to dismiss, namely that prior final adjudications of the United States District Court are collateral estoppel and dispositive of the defenses raised by defendants. It is ironic that defendants seek to delay this Court's dispositive consideration of the matter when it was they who abjectly refused my request for even a short adjournment and demanded the Court's immediate consideration. Nevertheless, while we believe that the motions and the cross-motion are inextricably intertwined and that judicial economy dictates that they be considered together, we defer to the court and will proceed upon whatever schedule the court deems appropriate.

  As a side note, defendants attempt, through their letter, to make a new argument based upon an affidavit executed by Dalia in 2015. At that time, Dalia - consistent with her then-fiduciary duties as trustee of the Orly Genger 1993 Trust - sought to intervene in a action pending in state court for the purpose of having the $32.3 million Trump settlement proceeds placed into escrow so the Court could allocate its proper share to the Trust. Unfortunately, the defendants in this case, who were also parties in that case, vigorously opposed Dalia's request, and the action ended with the substance of the motion never decided. Dalia continues to maintain that the Trust's claim to the $32.3 million is superior to any of the debtor's fraudulent transferees' interest. However, no matter who rightfully holds the proceeds, Dalia has a constructive trust upon $12.25 million of the $32.3 million for the reasons set forth in our brief.

Hon. James L. Garrity Jr.
July 17, 2020
Page 2

    Thank you for your consideration.

    Very truly yours,

    /s/
    Ira Daniel Tokayer

cc:    <u>By ECF</u>
    Elizabeth Aboulafia, Esq.
    Raymond W. Battaglia, Esq.
    Rocco A. Cavaliere, Esq.
    John Dellaportas, Esq.
    Yann Geron, Esq.
    Christopher Kiplok, Esq.
    Andrew Kurland, Esq.
    Frank A. Oswald, Esq