IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Orly Genger,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 19-13895-JLG |
| DALIA GENGER,<br>　　　　　Plaintiff,<br><br>-against-<br><br>ORLY GENGER, MICHAEL BOWEN, ARIE GENGER, ARNOLD BROSER, DAVID BROSER, ERIC HERSCHMANN, THE GENGER LITIGATION TRUST, ADBG LLC, TEDCO INC., and DEBORAH PIAZZA as chapter 7 trustee,<br><br>　　　　　Defendants. | Adv. P. No. 20-01010 |

**RESPONSE TO PAUL J. LABOV'S MOTION TO
WITHDRAW AS COUNSEL TO DALIA GENGER**

　　　　　Eric D. Herschmann and Michael Paul Bowen hereby respond to Paul J. Labov's motion to withdraw as counsel to Dalia Genger, and respectfully state as follows:

　　　　　1.　　Herschmann and Bowen do not object to Labov's withdrawal as Dalia's counsel, which withdrawal is subject to the previously served Rule 9011 motion.

　　　　　2.　　That motion was served last year in 2021. In August 2021, Herschmann and Bowen informed the Court that they had served Dalia Genger and Labov with a motion for sanctions pursuant to Rule 9011 based on her frivolous complaint against them, which complaint Labov filed on behalf of Dalia in this adversary proceeding. *See* ECF No. 49 at 3 (Joinder of Defendants Herschmann and Bowen in Opposition to Plaintiff's Motion for Reconsideration of the Decision and Order Dismissing This Action). Herschmann and Bowen attached a copy of the

Sanctions Motion to their joinder. *Id*. Exhibit A. Despite his withdrawal as counsel, Labov is still subject to that motion for sanctions, which is now being filed.

3. Two other matters are worth noting:

4. First, according to Labov's motion, Dalia "has requested the withdrawal" of her current counsel of record for substitution of new counsel. That representation contradicts prior representations made on Dalia's behalf concerning her alleged inability to assist in this action. If that has changed (as the Labov motion suggests it has), counsel is obliged to update the Court and all counsel.

5. Second, Labov is legally obligated to preserve all documents and communications related to his representation of Dalia and this bankruptcy proceeding. Such records are relevant and may be subject to discovery in the event it is ultimately determined that "common interest" and/or other privileges are unavailable to Dalia.

## CONCLUSION

For the foregoing reasons, Herschmann and Bowen do not object to the withdrawal of Labov as counsel, subject to the sanctions motion and other conditions noted herein.

Dated: June 14, 2022

/s/ *Michael Paul Bowen*
Michael Paul Bowen
GLENN AGRE BERGMAN
& FUENTES LLP
55 Hudson Yards, 20th Floor
New York, New York 10001
Email: mbowen@glennagre.com

/s/ *Eric D. Herschmann*
Eric D. Herschmann
210 Lavaca St.
Unit 1903
Austin, TX 78701
Email: edhnotice@gmail.com